EASTER v. NEW YORK & BOSTON DESPATCH EXPRESS CO.

(Supreme Court, Appellate Term. December 22, 1911.)

1. CARRIERS (§ 131*)—LOSS OF OR INJURY TO GOODS—PLEADING—ISSUES.

In an action against a carrier charging an express promise to pay for goods lost, but tried as an action to recover for failure to deliver, it was error to present evidence that the goods did not belong to plaintiff, but to a stranger to the action; no such issue being raised by the pleadings.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 574, 577; Dec. Dig. § 131.*]

2. CARRIERS (§ 76*)—CARRIAGE OF GOODS—TITLE TO AS AFFECTING RIGHT OF ACTION.

Where certain goods were delivered to plaintiff by a manufacturer on memorandum with the privilege of showing them to a proposed customer and with the right to return them if the customer did not buy, and on the goods being lost while in the hands of the express company the manufacturer billed the goods to plaintiff, treating the transaction as a sale, such act transferred the title to plaintiff so as to entitle him to recover against the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 256–271, 363; Dec. Dig. § 76.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 173*)—PRESENTATION IN LOWER COURT OF GROUNDS
OF REVIEW.

In an action against a carrier for loss of goods, it could not raise, for
the first time on appeal, the question that the claim was not filed within
the time prescribed by provision in the contract of shipment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–
1120; Dec. Dig. § 173.*]

4. EVIDENCE (§ 378*)—DOCUMENTARY EVIDENCE—LETTERS—IDENTIFICATION.

In an action against a carrier for loss of goods, defendant having raised
a question of the authority of the person who wrote and signed certain
letters referring to the matter in controversy to bind defendant in the
matter, the mere receipt of the letters was not sufficient to authorize their
admission in evidence without proof that the person whose name was
signed to them had authority to act for defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1650; Dec. Dig.
§ 378.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Robert K. M. Easter against the New York & Boston
Despatch Express Company. From a Municipal Court judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and
new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

H. A. Andrews, for appellant.

Edward V. Conwell, for respondent.

GIEGERICH, J. The plaintiff alleges in his complaint that the defendant became indebted to him by reason of the loss of certain silks
intrusted to it for carriage; that he has demanded payment for the
said silks and presented a bill for the same amounting to $129.68;
that the defendant promised and agreed with plaintiff to pay the sum
of $129.68 in settlement of said claim; that no part of said sum has
been paid, although repeatedly demanded. At the trial the plaintiff
was unable to prove any express promise, but he did show that he intrusted certain goods to the defendant for carriage and that these
goods were never delivered. The defendant made no motion to dismiss the complaint, and thereby conceded that the plaintiff had made
out a prima facie case. It thereafter introduced certain evidence that
the goods did not belong to the plaintiff, but to a manufacturing company, a stranger to this action. The trial justice gave judgment for
the defendant.

[1] The sole issue apparently litigated upon this trial was whether
or not the plaintiff was the owner of the goods. That issue was
not raised by the pleadings. Apparently the parties proceeded as if
the action was brought, not upon an express promise, but to recover
damages for failure to deliver. I fail to see how, under the theory
upon which the case was tried, defendant was entitled to judgment.

[2] The defendant showed that the goods had been intrusted to the
plaintiff simply upon a memorandum with the privilege to him of
·showing them to a proposed customer, and, if they were not purchased by that customer, then they were to be returned by the plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff to such manufacturing company. Although, probably, the plaintiff did not through this transaction obtain title to the goods, the fact that the manufacturing company after the failure of the plaintiff to return the goods sent him a bill for the same, treating the transaction as a sale, as it had a right to do, should, I think, be deemed to have the effect of transferring the title to the plaintiff.

[3] The defendant also urges that the judgment was correct because it appears that the goods were shipped under a written contract which provided that the Express Company "shall not be liable for loss, damage or detention of said property unless the nondelivery shall be presented to it in writing at its office within ninety days from this date, with this contract or a copy thereof annexed." The defendant pleaded no such condition and pointed out no such defect in the proof at the trial. It is therefore precluded from raising such a point upon appeal.

[4] The plaintiff also urges that errors were committed by the trial court in excluding certain letters purporting to have been received from the defendant company in answer to letters written by the plaintiff to that company. On behalf of the plaintiff numerous cases are cited to support the proposition that the arrival of a letter by mail purporting to be from the addressee of a prior letter duly addressed and mailed is sufficient evidence of the genuineness of the reply to go to the jury; but in this case there was not only a question of the genuineness of the letters purporting to have come from the defendant company, but there was also a question of the authority of the person who wrote and signed them to bind the company in the matter. Of this authority no evidence was given, as was pointed out by the court upon the trial. The mere receipt of the letter was not enough, without proof that the person whose name was signed to the letter had authority to act for the defendant corporation in the matter. Wickham v. Lehigh Valley R. R. Co., 85 App. Div. 182, 83 N. Y. Supp. 146.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.